IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ERNEST LAKE,                          :
                                      :
            Petitioner,               :
                                      :
      v.                              :        Civil Action No. 14-1036-RGA
                                      :
DAVID PIERCE, Warden, and             :
ATTORNEY GENERAL OF THE               :
STATE OF DELAWARE,                    :
                                      :
            Respondents.              :
_____

## **MEMORANDUM OPINION**

Ernest Lake. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

September 16, 2015
Wilmington, Delaware

ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Ernest Lake ("Petitioner"). (D.I. 3) The State filed an Answer in opposition, and Petitioner filed a Reply. (D.I. 11; D.I. 18) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I.    FACTUAL BACKGROUND

Petitioner's thirteen year relationship with his former girlfriend, L. Cooper, ended in January 2006. *See State v. Lake*, 2010 WL 1740886, at *1 (Del. Super. Ct. Apr. 26, 2010). Cooper worked as a deli manager in a grocery store in Sussex County, Delaware, and Petitioner suspected that she was involved in a romantic relationship with one of the owners of the store. While Petitioner was incarcerated at the Sussex Correctional Institution on pending charges, he allegedly asked another inmate to murder Cooper and the two grocery store owners. *Id*.

## II.    PROCEDURAL BACKGROUND

In May 2004, Petitioner was indicted and charged with felony DUI and traffic offenses. (D.I. 11 at 2) In November 2006, while a Rule 9 warrant was active, Petitioner was arrested on new charges. Petitioner waived indictment, and the State charged him by way of information with first degree criminal trespass, misdemeanor theft, and misdemeanor criminal mischief. In February 2007, Petitioner was indicted on charges including non-compliance with conditions of bond, criminal contempt, harassment, stalking, and terroristic threatening. *Id*. On July 20, 2007, Petitioner entered a guilty plea to charges of DUI, criminal trespass, theft, harassment, and terroristic threatening, in exchange for which the State dismissed the balance of the three sets of charges (the charges from May 2004, November 2006, and February 2007). That same day, the

Superior Court sentenced Petitioner to a total non-suspended period of four months of imprisonment.[1] *Id.*

On March 28, 2008, while on probation, Petitioner was indicted on multiple charges of criminal contempt. (D.I. 11 at 2) Petitioner pled guilty to two counts of criminal contempt on April 25, 2008, in exchange for which the State dismissed the balance of the indictment. *Id.* at 2-3. That same day, Petitioner was sentenced to a total of two years of imprisonment, immediately suspended for probation.[2] *Id.* at 3.

On August 28, 2008, again while on probation, Petitioner was indicted on two charges of non-compliance with conditions of bond. (D.I. 11 at 3) These new criminal charges prompted Department of Correction ("DOC") officials to file a violation report covering the charges in all four of Petitioner's other cases on September 15, 2008. On October 10, 2008, Petitioner pled guilty to a single count of non-compliance with conditions of bond, and the State dismissed the other count of the Indictment. *Id.* For this new conviction, the Superior Court sentenced Petitioner to two years at Level V, with credit for thirty-three days previously served, suspended for one year at Level III probation. (D.I. 13, App. to State's Ans. Br. in *Lake v. State*, No. 571,

---

[1]Specifically, Petitioner was sentenced as follows: (1) terroristic threatening – one year at Level V, with credit for seventy-nine days previously served, suspended after four months for one year at Level IV home confinement; (2) harassment – six months at Level V, suspended for one year at Level III; (3) criminal trespass – one year at Level V, suspended for one year at Level III; (4) theft – one year at Level V, suspended for one year at Level III; (5) DUI – six months at Level V, suspended for one year at Level III. (D.I. 13, App. to State's Ans. Br. in *Lake v. State*, No. 571, 2013, at B-39 to B-41)

[2]Specifically, Petitioner was sentenced as follows: (1) criminal contempt – one year at Level V, with credit for seventeen days previously served, suspended for one year at Level III; (2) criminal contempt – one year at Level V, suspended for one year at Level III. (D.I. 13, App. to State's Ans. Br. in *Lake v. State*, No. 571, 2013, at B-47 to B-48, B-52 to B-53)

2013, at B-57) However, as a result of his guilty plea, that same day the Superior Court also found Petitioner to have violated the conditions of his probation for his of DUI, criminal trespass, theft, harassment, terroristic threatening, and criminal contempt convictions ("First VOP"). For the First VOP, the Superior Court continued the sentences as previously imposed. (D.I. 13, App. to State's Ans. Br. in *Lake v. State*, No. 571, 2013, at B-62 to B-63)

Petitioner was arrested again less than two months later, on December 8, 2008. (D.I. 11 at 3) This new arrest prompted DOC officials to file a violation report on December 9, 2008 in all five of Petitioner's existing cases. On December 22, 2008, Petitioner waived indictment, and the State filed an information charging him with three counts of first degree criminal solicitation, stemming from Petitioner asking another inmate to kill his former girlfriend and her two bosses. (D.I. 11 at 1); *see Lake*, 2010 WL 1740886, at \*1. On March 24, 2009, a jury convicted Petitioner of one count of criminal solicitation and acquitted him of the other counts. *See Lake*, 2010 WL 1740886, at \*1. On April 3, 2009, the Superior Court sentenced Petitioner for the criminal solicitation conviction to five years of imprisonment, suspended after four years for one year of Level III probation. *Id.*; (D.I. 13, App. to State's Ans. Br. in *Lake v. State*, No. 571, 2013, at B-66 to B-67) That same day, the Superior Court also found Petitioner to have committed a VOP ("Second VOP") for his DUI, criminal trespass, theft, harassment, terroristic threatening, and criminal contempt convictions, and sentenced him to a total non-suspended period of fourteen years of imprisonment.[3] (D.I. 11 at 3-4; D.I. 13, App. to State's Ans. Br. in

---

[3]Specifically, Petitioner was sentenced as follows: (1) harassment – six months at Level V; (2) DUI – six months at Level V; (3) criminal contempt – ten years at Level V; (4) criminal contempt – one year at Level V; (5) criminal trespass – one year at Level V, suspended after six months for sixth months at Level III; (6) theft – one year at Level V, suspended after six months for six months at Level III; and (7) non-compliance with conditions of bond – twenty-two

3

*Lake v. State*, No. 571, 2013, at B-71 to B-74) The Superior Court corrected the Second VOP

sentence on April 13, 2009 to reflect that the sentence for criminal contempt was ten months, not

years, at Level V, resulting in a total of six years and ten months at Level V, suspended after

serving four years and ten months at Level V for one year at Level V for the Second VOP

sentence. (D.I. 11 at 4; D.I. 13, App. to State's Ans. Br. in *Lake v. State*, No. 571, 2013, at B-76

to B-79); *see Lake*, 2010 WL 1740886, at *1. Petitioner appealed, but voluntarily dismissed the

appeal on August 12, 2009. (D.I. 11 at 4); *see Lake v. State*, 3 A.3d 1098 (Table), 2010 WL

3463392, at *1 n. 4 (Del. Sept. 3, 2010).

On November 25, 2009, Petitioner filed a motion for post-conviction relief pursuant to

Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") challenging his criminal

solicitation conviction. *See Lake*, 2010 WL 1740886. The Superior Court denied the Rule 61

motion on April 26, 2010, and the Delaware Supreme Court affirmed that decision on September

3, 2010. *See Lake*, 2010 WL 3463392, at *2.

On May 16, 2013, Petitioner filed a motion for correction of sentence pursuant to

Delaware Superior Court Criminal Rule 35(a). (D.I. 13, Del. Super. Ct. Crim. Dkt. in *State v.*

*Lake*, Crim. Act. No. S08120519I, S08120520I, SO8120521R1 at Entry No. 81; D.I. 13, App. to

State's Ans. Br. in *Lake v. State*, No. 571, 2013, at B-81) The Superior Court denied that motion

on October 2, 2013, (D.I. 13, App. to State's Ans. Br. in *Lake v. State*, No. 571, 2013, at B-81),[4]

---

months at Level V, suspended after one year for one year at Level III. (D.I. 13, App. to State's
Ans. Br. in *Lake v. State*, No. 571, 2013, at B-71 to B-74)

[4]The docket sheets for two of Petitioner's five state criminal cases indicate that the Rule 35(a)
motion to correct sentence was actually denied on June 18, 2013, and then again on October 2,
2013. (D.I. 13, Del. Super. Ct. Crim. Dkt. in Crim. Act. No. PS04050298W through
VS0405079402, Entry Nos. 61, 65; D.I. 13, Del. Super. Ct. Crim. Dkt. in Crim. Act. No.
PS06110532R1 through S06110534I, Entry Nos. 65, 68) However, the relevant dates for the
purpose of determining any tolling effect of that motion include the date on which the motion

and the Delaware Supreme Court affirmed that decision on July 9, 2014. *See Lake v. State*, 99 A.3d 227 (Table), 2014 WL 3408672, at *2 (Del. July 9, 2014).

The instant Petition is dated August 2014, and asserts the following five grounds for relief: (1) the sentence the Superior Court imposed for Petitioner's Second VOP was illegal and violates the Double Jeopardy Clause (D.I. 3 at 5; D.I. 3-1 at 9); (2) the Superior Court improperly admitted evidence during Petitioner's 2009 criminal solicitation trial (D.I. 3 at 7; D.I. 3-1 at 10-14); (3) the Superior Court was biased during Petitioner's 2009 criminal solicitation trial (D.I. 3 at 8; D.I. 3-1 at 15-19); (4) the Superior Court judge erred and also violated the Delaware Judicial Code of Conduct by denying Petitioner's Rule 35(a) motion for correction of sentence with respect to his criminal solicitation conviction (D.I. 3 at 10 ; D.I. 3-1 at 20-23); and (5) Petitioner's defense counsel provided ineffective assistance during his 2009 criminal solicitation trial (D.I. 3 at 17; D.I. 3-1 at 24-26). In response, the State argues that the Court should dismiss the Petition as time-barred. (D.I. 11 at 5-7) Alternatively, the State contends that the claims asserted in the Petition do not warrant relief because they are either procedurally barred or meritless. (D.I. 11 at 10-15) Petitioner filed a Reply, contending that the statute of limitations should be equitably tolled because he was in the prison infirmary for more than three years and was therefore unable to file his Petition in a timely manner. (D.I. 18 at 6) Petitioner also contends that his procedural default should be excused because his trial counsel was ineffective. (D.I. 18 at 7-13)

---

was filed (which is clearly May 16, 2013) and the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 35(a) motion (which is clearly July 9, 2014).

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Therefore, the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

In this case, Claim One relates to Petitioner's Second VOP, and Claims Two through Five all relate to Petitioner's criminal solicitation conviction. Since timeliness must be evaluated on a claim-by-claim basis, *see Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2008), the Court will address the timeliness of Claim One and the availability of any statutory tolling for that claim independently from the timeliness of the other claims. However, because Petitioner's

6

equitable tolling argument is asserted with respect to all five claims, the Court will address the availability of equitable tolling for all five claims together.

## A. Claim One: Second VOP Sentence Violates Double Jeopardy

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Superior Court issued the corrected sentence for Petitioner's Second VOP sentence on April 13, 2009. Petitioner filed an appeal, but he voluntarily dismissed that appeal on August 12, 2009. In these circumstances, Petitioner's Second VOP sentence became final for § 2244(d)(1) purposes on August 12, 2009, and the limitations period began to run on August 13, 2009. Adding one year to that date, Petitioner had until August 13, 2010 to timely file a habeas petition challenging his Second VOP. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005). Petitioner did not file the instant Petition until August 8, 2014,[5] almost four full years after the expiration of AEDPA's statute of limitations. Therefore, Claim One is time-barred, unless the limitations period can be statutorily or equitably tolled.

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of

---

[5]Pursuant to the prisoner mailbox rule, the Court adopts as the filing date August 8, 2014, the date on the Petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000).
However, the limitations period is not tolled during the ninety days a petitioner has to file a
petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying
a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542
(3d Cir. 2001).

On May 16, 2013, Petitioner filed a Rule 35(a) motion for correction of sentence
containing various claims, with at least one of the claims challenging his Second VOP sentence.
However, the Rule 35(a) motion has no statutory tolling effect, because it was filed years after
the expiration of AEDPA's limitations period. Therefore, Claim One is still untimely, unless
equitable tolling applies.

### B. Claims Two, Three, Four, and Five: Criminal Solicitation Conviction

Petitioner was convicted of one count of criminal solicitation on March 25, 2009, and he
was sentenced on April 3, 2009. Because Petitioner did not file a direct appeal, his criminal
solicitation conviction became final for the purposes of § 2244(d)(1) on May 4, 2009, the day on
which the thirty-day appeal period expired.[6] Adding one year to that date, Petitioner had until
May 4, 2010 to file a timely habeas petition. As previously explained, Petitioner filed the instant
Petition on August 8, 2014, which again, was almost four full years after the expiration of
AEDPA's statute of limitations. Therefore, Claims Two through Five are time-barred, unless the
limitations period can be statutorily or equitably tolled.

---

[6]The thirty-day period actually expired on May 3, 2009, which was a Sunday. Therefore, the
time to file an appeal was extended through the end of the next business day, May 4, 2009. *See*
Fed. R. Civ. P. 6(a)(1)(C).

Here, Petitioner filed his Rule 61 motion challenging his criminal solicitation conviction on November 25, 2009, at which time 205 days of the limitations period had already expired. The Rule 61 motion tolled the limitations period from November 25, 2009 through September 3, 2010, the date on which the Delaware Supreme Court affirmed the Superior Court's denial of the motion. The limitations clock started to run again on September 4, 2010, and ran the remaining 160 days of the limitations period without interruption until the limitations period expired on February 11, 2011. Thus, once again, the Rule 35(a) motion Petitioner filed in May 2013 has no statutory tolling effect, because it was filed years after the expiration of the limitations period. Accordingly, Claims Two through Five must be dismissed as time-barred, unless equitable tolling is available.

### C. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 400 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

In his Reply, Petitioner contends that the limitations period should be equitably tolled for all five Claims from January 2010 through April 2013, because he was hospitalized in the prison infirmary during this period of time and was not able to access any of his legal materials. (D.I. 18 at 6) This argument is unavailing. Although Petitioner's medical records (from July 31, 2009 through December 8, 2009) demonstrate that he suffers from chronic obstructive pulmonary disease ("COPD") and cardiac issues, nothing in these records demonstrates that Petitioner was confined to the infirmary for the three year period he has identified. (D.I. 4) In turn, even if Petitioner was hospitalized for this entire three year period, he has not provided anything to support his assertion that he did not have access to any of his legal materials. Finally, and perhaps most significantly, the state court records in this case reveal that Petitioner actually filed several documents in or concerning his Delaware criminal cases during the aforementioned three year period, which directly refutes Petitioner's contention that he was not able to pursue relief. For instance, Petitioner filed a letter challenging his VOP sentences on September 17, 2010. (D.I. 11, Del. Super. Ct. Crim. Dkt., Crim. Act. No. PS06110532R1 through S06110534I, Entry No. 57; Del. Super. Ct. Crim. Dkt., Crim. Act. No. IS08030981R1 through IS08030985W, Entry No. 40; Del. Super. Ct. Crim. Dkt., Crim. Act. No. IS08081167R1 through IS08081168W, Entry No. 34; Del. Super. Ct. Crim. Dkt., Crim. Act. No. PS04050298W through VS0405079402, Entry No. 53; Del. Super. Ct. Crim. Dkt., Crim. Act. No. S08120519I through S08120521R1, Entry No. 74). On January 28, 2011, Petitioner filed a letter in his criminal solicitation case regarding an unexplained document he had filed with the State of Delaware Board of Pardons. (Del. Super. Ct. Crim. Dkt., Crim. Act. No. S08120519I through S08120521R1, Entry No. 76) Finally, sometime in January 2012, Petitioner filed a complaint about his trial counsel with Delaware's Office of Disciplinary Counsel. (D.I. 19 at 7)

The aforementioned documents demonstrate that Petitioner was able to pursue relief for his convictions during the time period he contends he was not able to access his legal materials. Therefore, the Court concludes that Petitioner's medical condition did not amount to an extraordinary circumstance, because Petitioner has failed to demonstrate that the medical condition actually prevented him from filing a basic, timely federal habeas petition.

To the extent Petitioner's untimely filing was the result of his own miscalculation of the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all of these reasons, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Accordingly, the Court will dismiss the instant Petition as time-barred.[7]

## III.   PENDING MOTIONS

Petitioner filed two motions during the pendency of this proceeding: (1) a Motion for Discovery (D.I. 17) requesting the Court to order the State to provide additional documents he asserts are critical to support his grounds for relief; and (2) a Motion to Expand the Record (D.I. 19) with certain documents he attached to said Motion. Having concluded that the instant Petition is time-barred, the Court will dismiss the Motion for Discovery as moot. However, the Court will grant Petitioner's Motion to Expand the Record, and notes that it actually relied on one of the documents (*i.e.*, a response from the Delaware Office of Disciplinary Counsel) provided by Petitioner in addressing his equitable tolling argument.

## IV.   CERTIFICATE OF APPEALABILITY

---

[7]The Court's conclusion that it must dismiss the Petition as time-barred obviates the need for the Court to address the State's alternative reasons for denying the Petition.

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied as time-barred. An appropriate Order will be entered.